UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM E. TOLBERT,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, *et al.*,<br><br>        Defendants. | Case No. 22-cv-01467-SI<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 10 |

On August 12, 2022, the Court held a hearing by zoom on defendants' motion to dismiss the complaint. After some technical issues, plaintiff Kim Tolbert was able to join the zoom hearing and was able to listen to the proceedings although she did not verbally participate.[1] For the reasons set forth below, the Court GRANTS the motion without leave to amend.

**BACKGROUND**

**I.** ***Tolbert v. City and County of San Francisco Dep't of Public Health, et al.*, Case No. 16-cv-00810 JD**[2]

On February 18, 2016, plaintiff Kim E. Tolbert filed a lawsuit against the City and County of San Francisco, the San Francisco Department of Public Health, and Barbara Garcia. According to the third amended complaint, Tolbert had been employed by San Francisco as a Senior Account Clerk until her termination in August 2017, while Tolbert was out on disability leave. Dkt. No. 79. Tolbert, who is African-American, alleged that during her time as a city employee she had been

---

[1] After the hearing, Ms. Tolbert called the Court's Clerk and left several voicemails stating that she was able to hear the proceedings via zoom and that she heard the entire hearing.

[2] Citations to the docket in this section only are in reference to Case No. 16-cv-00810 JD.

subjected to discrimination based on her race and sex, as well as harassment and retaliation, and that she was illegally terminated after she complained about misconduct by Garcia. *See generally id*.

Judge Donato presided over the case, and on March 10, 2021, Judge Donato dismissed the complaint without prejudice for failure to prosecute. Dkt. No. 127. On January 5, 2022, Judge Donato denied Tolbert's motion to set aside the dismissal:

> Plaintiff Tolbert's request to set aside the dismissal of this action, Dkt. No. 130, is denied. The Court has detailed in prior orders Tolbert's long record of failing to appear at hearings and settlement conferences, fulfill her discovery obligations, and meet the Court's deadlines. *See* Dkt. Nos. 121, 123, 124. In response to the Court's multiple warnings about this unacceptable conduct, Tolbert has at various times blamed ill health, the COVID pandemic, and a bad lawyer. In the request to set aside the order dismissing her case for failing to respond to the Court's most recent order to show cause, *see* Dkt. Nos. 124 and 128, Tolbert says she did not get a copy of the OSC and that the Clerk's Office was closed to her due to the pandemic.
>
> Neither claim is persuasive. To start, the ECF docket indicates that Tolbert routinely received the Court's prior orders without a problem. Consequently, the Court declines to credit Tolbert's assertion that the last OSC did not reach her. With respect to the Clerk's office, the District made ECF filing available to all pro se litigants in May 2020. Tolbert did not avail herself of that opportunity. In addition, the Clerk's office continued to process filings received by U.S. mail during the occasional closures of the office to in-person visits. Tolbert was not denied access to the Court in any way.

Order Re: Motion to Set Aside (Dkt. No. 133).

## II.     The Instant Action

Tolbert, acting *in pro per*, filed this lawsuit on March 7, 2022, against the same three defendants: the City and County of San Francisco, the San Francisco Department of Public Health, and Barbara Garcia. Although the complaint lists thirteen causes of action in the caption page, the body of the complaint asserts five causes of action: (1) "Title VII – Discrimination 42 U.S.C. § 2000e"; (2) "Retaliation California Labor Code § 1102.5"; (3) "Title VII – Retaliation 42 U.S.C. § 2000e & Qui Tam Whistleblower Act"; (4) "42 U.S.C. § 1981"; and (5) "Cal. Gov. Code § 12900 et. seq." *Id.*

The complaint refers to proceedings in Case No. 16-cv-00810 JD as "this case" and "the

original case,"[3] and, as in the earlier action, alleges that Tolbert was unlawfully terminated from her employment as a Senior Account Clerk for the San Francisco Department of Public Health in August 2017. Compl. at p. 3-4 & ¶¶ 13-17. The allegations of the complaint largely mirror those of the earlier complaint; Tolbert alleges that she was subjected to discrimination, harassment and retaliation, and that she was illegally terminated after she complained about misconduct and discrimination by Garcia. *Id.* The complaint does not allege any illegal acts against her after the August 2017 termination.[4]

Defendants moved to dismiss the complaint as time-barred. Tolbert filed an opposition,[5] and defendants filed a reply.

**LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal

---

[3] Judge Donato determined that the cases were not related. Dkt. No. 8.

[4] The complaint does reference another lawsuit filed in 2020 by other Black employees of the Department of Public Health. Compl. ¶¶ 38-55.

[5] Defendants object that Tolbert's opposition was filed several days late. The Court accepts Tolbert's filing and has considered it in ruling on the motion to dismiss.

1 conclusions can provide the framework of a complaint, they must be supported by factual
2 allegations." *Id.* at 679.

3       In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the
4 complaint and draw all reasonable inferences in favor of the non-moving party. *See Usher v. Cty of*
5 *Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true
6 "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
7 inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).
8 The Ninth Circuit has repeatedly held "a district court should grant leave to amend even if no request
9 to amend the pleading was made, unless it determines that the pleading could not possibly be cured
10 by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations and
11 internal quotation marks omitted). "When a motion to dismiss is based on the running of the statute
12 of limitations, it can be granted only if the assertions of the complaint, read with the required
13 liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter*
14 *& Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

15

16                                        **DISCUSSION**

17       Defendants contend that all of Tolbert's causes of action are time-barred. In response,
18 Tolbert argues the merits of her discrimination, retaliation and harassment claims, and she asserts
19 that the Court should toll the statute of limitations due to the hardships imposed by the COVID-19
20 pandemic, thus implicitly acknowledging that her claims are time-barred.

21       The Court concludes that plaintiff fails to state a claim upon which relief can be granted
22 because all of her claims are barred by the statute of limitations. As an initial matter, the Court notes
23 that "[a] statute of limitations is not tolled by the filing of a complaint subsequently dismissed
24 without prejudice," as "the original complaint is treated as if it never existed." *Cardio-Medical*
25 *Assocs. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983). As a result, "[a] plaintiff who
26 re-files a case in order to reinstate his claims may have a problem with the statute of limitations."
27 *Cozzitorto v. W. Pac. Hous., Inc.*, No. C 04-0097 JL, 2006 WL 8459994, at *2 (N.D. Cal. Aug. 2,
28 2006) (citing *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 821 (2d Cir. 1967), and *Ciralsky v. C.I.A.*

355 F.3d 661, 667 (D.C. Cir. 2004)).

Here, all of plaintiff's causes of action are untimely. Title VII generally requires claimants to file a claim within ninety days of receiving a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1). The complaint does not allege that Tolbert received a right to sue letter within 90 days of filing this action. Instead, the complaint alleges that "Plaintiff filed EEOC Charge 550-2013-00704 . . . ." Compl. ¶ 36. This is the same EEOC charge alleged in the prior complaint. *See* Compl. ¶ 17 (in attachment) in Case No. 16-00810 JD ("Plaintiff filed EEOC Charge 550-2013-00704 after protesting . . ."). The prior complaint also alleged that Tolbert received a right to sue letter from the EEOC on November 19, 2015. *Id*. ¶ 9. Thus, Tolbert's first and third causes of action are untimely.

Similarly, claims brought under the California Fair Employment and Housing Act ("FEHA") must be filed within one year of the issuance of a right to sue notice. Cal. Gov't Code § 12965(c)(1)(C). The complaint alleges that Tolbert was issued a right to sue notice on November 17, 2017, Compl. ¶ 110, and this complaint was filed approximately four and a half years later. As such, the fifth cause of action is time-barred.

Tolbert's second cause of action arises under California Labor Code § 1102.5. "[A]ctions commenced under § 1102.5 must be brought within three years" *Minor v. Fedex Off. & Print Servs., Inc.*, 182 F. Supp. 3d 966, 988 (N.D. Cal. 2016). This cause of action is untimely because Tolbert was terminated on August 7, 2017, and this complaint was filed roughly four and a half years later. Similarly, Tolbert's fourth cause of action under 42 U.S.C. § 1981 is untimely because this lawsuit was filed after the maximum four-year statute of limitations for such claims. *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1007 (9th Cir. 2011) (holding four-year statute of limitations applies to retaliation claims under § 1981); *Bratton v. Bethlehem Steel Corp*., 649 F.2d 658, 664 (9th Cir. 1980) (holding three-year statute of limitations applies to discrimination claims under § 1981).

The Court also concludes that Tolbert has not demonstrated that the statute of limitations should be equitably tolled due to the COVID-19 pandemic. The Ninth Circuit has instructed that "relief from strict construction of a statute of limitations is readily available in extreme cases" but that "[c]ourts have been generally unforgiving, however, when a late filing is due to claimant's

5

failure 'to exercise due diligence in preserving his legal rights.'" *Scholar v. Pac. Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992) (affirming denial of equitable tolling in Title VII action) (quoting *Irwin v. Veterans Admin.*, 498 U.S. 89, 96 (1990)). For the reasons stated by Judge Donato in denying Tolbert's motion to set aside the dismissal, Tolbert has not exercised due diligence in preserving her legal claims.

Because it is clear from the complaint and the docket in this case and the prior action that Tolbert's claims are time-barred, the Court also finds that leave to amend would be futile. *See Jablon*, 614 F.2d at 682.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss the complaint without leave to amend.

**IT IS SO ORDERED**.

Dated: August 17, 2022

SUSAN ILLSTON
United States District Judge